**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4934**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

ENRIQUE CASTILLO-FELIPE,

                Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Greenville.  Henry F. Floyd, District Judge.
(6:10-cr-00045-HFF-1)

Submitted:  March 31, 2011            Decided:  April 7, 2011

Before KING, KEENAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Lora E. Collins, Assistant Federal Public Defender, Greenville,
South Carolina, for Appellant.  Maxwell B. Cauthen, III,
Assistant United States Attorney, Greenville, South Carolina,
for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Enrique Castillo-Felipe pleaded guilty to one count of illegal reentry by a deported felon in violation of 8 U.S.C. § 1326(a), (b)(2) (2006). The district court sentenced him to be imprisoned for a term of forty-six months. On appeal, Castillo-Felipe's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which she states that she finds no meritorious issues for appeal. Counsel calls two issues to our attention: (1) whether the district court fully complied with the dictates of Fed. R. Crim. P. 11 in taking Castillo-Felipe's guilty plea; and (2) whether Castillo-Felipe's sentence was unreasonable. The Government elected to file no response. Castillo-Felipe was advised of his right to file a pro se supplemental brief, but has not filed a brief.

Our review of the record leads us to conclude that Castillo-Felipe has no valid claim to relief. Because Castillo-Felipe did not move in the district court to withdraw his guilty plea, the Rule 11 hearing is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 525-26 (4th Cir. 2002). "To establish plain error, [Castillo-Felipe] must show that an error occurred, that the error was plain, and that the error affected his substantial rights." United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007). Even if Castillo-Felipe satisfies these requirements, "correction of the error remains within [the

2

Court's] discretion, which [the Court] should not exercise . . . unless the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." Id. (internal quotation marks and citation omitted).

The district court failed to inform Castillo-Felipe that it would consider the sentencing factors under 18 U.S.C. § 3553(a) (2006) in determining his sentence or that he had the right to appointed counsel and to have counsel present at every stage of the proceeding. These errors do not rise to the level of plain error in this case because the record does not evidence a reasonable probability that, but for the errors, Castillo-Felipe would not have entered his plea of guilty. United States v. Massenburg, 564 F.3d 337, 343 (4th Cir. 2009).

We review a district court's imposition of a sentence under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). Castillo-Felipe's within-Guidelines sentence is afforded a presumption of reasonableness. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007). We have found nothing in the record to rebut that presumption.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Castillo-Felipe's conviction and sentence. This court requires that counsel inform Castillo-Felipe, in

3

writing, of the right to petition the Supreme Court of the United States for further review. If Castillo-Felipe requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Castillo-Felipe.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4